```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                    MIDDLE DIVISION
```

T. KENT BALDWIN, et al.,        }
                                }
     Plaintiffs.                }
                                }     CIVIL ACTION NO.
v.                              }     03-AR-1908-M
                                }
MCCAIN AND SASSER, P.C., et     }
al.,                            }
                                }
     Defendants.                }



ENTERED
MAR 22 2004

### MEMORANDUM OPINION

Before the court is the motion of defendants to set aside this court's March 5, 2004 order granting plaintiffs' motion for leave to amend the complaint. Defendants argue (1) that plaintiffs' amendment is untimely, and (2) that any claim asserted against defendants must be asserted under the Alabama Legal Services Liability Act, Ala. Code § 6-5-570 *et seq.* ("ALSLA"). The parties have briefed the motion, and appeared for oral argument on March 12, 2004.

### Analysis

With regard to the first argument, plaintiffs say that they had a deal with defendants that, because of defendants' delays in making defendant, Lee Ozmint ("Ozmint"), available for his deposition, defendants would not object to an amendment on the ground of untimeliness. The court concludes that counsel did have a "deal," but that the understanding contained the essential

elements of a misunderstanding. Defendants may not have intended to give plaintiffs *carte blanche* to amend their complaint to say whatever they wished whenever they wished to do it, without fear of objection by defendants. In a letter dated January 22, 2004, defendants' counsel told plaintiffs' counsel that "[i]f, after the deposition of Lee Ozmint is taken, you feel you need to do some amendment to the Complaint, I will personally request that Judge Acker allow you to do so, if necessary." Doc. 22 ex. A. This letter has built into it a reason for disagreement over its meaning. In this court's view, this communication is susceptible to being interpreted to be only proof defendants would not object to an amendment filed promptly and as a result of evidence uncovered during the Ozmint deposition.

Plaintiffs say that they did, in fact, act promptly, although they took two other depositions before amending, and that their amendment was based on Ozmint's statement during his January 31, 2004 deposition that he did not provide legal representation either to Anne Love or to her conservator, Harold Trumble. Doc. 22 ex. E. The ALSLA "applies only to lawsuits based on the relationship between 'legal service providers' and those who have received legal services." *Cunningham v. Langston, Frazer, Sweet & Freese*, 727 So.2d 800, 805 (Ala. 1999). The court, believing that the amendment was unopposed, allowed plaintiffs to amend in order to state ALSLA claims and alternatively to plead claims outside of

the ALSLA (*viz.*, conversion, conspiracy to covert, fraudulent misrepresentation, fraudulent suppression, and conspiracy to breach a fiduciary duty) in the event that the evidence shows that defendants represented neither Love nor her conservator.[1] Based on the evidence before the court, the amended complaint fits into the agreement between the parties. The court understands why the amendment came this late. The deposition testimony submitted by plaintiffs indicates that defendants, who are lawyers, may be confused as to who they actually represented and in what capacities. *See* Doc. 22 exs. D, E. The objection of the defendants is due to be denied. If the objection had been interposed before the amended complaint was allowed as "unopposed," the amendment would have been allowed.

Even if the amended complaint falls outside of the parties' agreement, the amendment should have been allowed under the permissive language of Rule 15(a), F.R.Civ.P. After a responsive pleading has been filed, a party may amend its complaint "only by leave of court or by written consent of the adverse party...." Rule 15(a), F.R.Civ.P. "District courts have broad discretion to grant or deny leave to amend." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994). In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated

---

[1] The court makes no statement as to the viability of any of plaintiffs' claims. Defendants may address that issue later in a motion to dismiss or a Rule 56 motion.

3

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Defendants contend that there was "undue delay" on the part of plaintiffs. Because the court finds that defendants are at least partially at fault for the delay, the court finds this argument unavailing.[2]

With regard to defendants' second argument, the court sees no reason for not allowing plaintiffs to bring a claim under the ALSLA and alternatively to state claims of conversion, conspiracy to covert, fraudulent misrepresentation, fraudulent suppression, and conspiracy to breach a fiduciary duty.

### Conclusion

By separate order, the court will deny the motion of defendants to set aside this court's March 5, 2004 order.

DONE this 22nd day of March, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Even if the court were to apply the more stringent "good cause" standard of Rule 16, F.R.Civ.P., the result would be no different.

4